# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ROBIN FURNESS, | 1:11-cv-01808-AWI-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING PETITIONER LEAVE TO FILE A FIRST AMENDED PETITION WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER |
| v. | |
| JAMES D. HARTLEY, | |
| Respondent. | [Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 31, 2011. On July 16, 1986, Petitioner was convicted in the Riverside County Superior Court of second degree murder and was sentenced to 15 years to life, plus a five year enhancement for the prior serious felony conviction. (Pet. at 2.) In the instant petition, it appears that Petitioner contends he was denied his fundamental right and liberty interest in the application of good-time and work-time conduct credits without due process of law. (Pet. at 8-12.) Although it is not entirely clear, it appears Petitioner contends that he is being held beyond his Minimum Eligible Parole Date (MEPD) because he is being denied prison credits without due process. (Id.)

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

It appears Petitioner's sole challenge is to the deprivation of good-time and work-time credits without due process of law and in violation of the Ex Post Facto Clause and without "some evidence" of any disciplinary misconduct, resulting in his detention beyond the established MEPD.  (Pet. at 10-12.)

The United States Constitution prohibits states from passing any "ex post facto law."  U.S. Const., Art. I, § 10.  To find an ex post facto law violation, it must apply to events occurring before its enactment, and it must disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime.  Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003).  The ex post facto law applies to the application of prison time credits.  Weaver v. Graham, 450 U.S. 24, 29 (1981) (ex post facto prohibition applied to state statutes reducing the amount of good time credits which could be earned by prisoners).  In determining prison time credits, "the core question for ex post facto purposes is whether the changed law imposes 'punishment more severe than the punishment as signed by law when the act to be punished occurred.'"  Hunter v. Ayers, 336 F.3d at 1011 (quoting Weaver, 450 U.S. at 30.)

Petitioner fails to articulate a specific deprivation of credits and references only a hypothetical deprivation of such credit.  Petitioner fails to set forth any factual findings to apply to the cited law.  Petitioner does not identify a date, participants or the substance of any hearing or disciplinary action taken against him.  Petitioner merely indicates that he is being held beyond his MEPD in violation of his due process rights.

Petitioner is advised that in order to proceed with a petition for writ of habeas corpus, he must demonstrate that he suffered an injury-in-fact or that the alleged deprivation is (a) concrete and particularized and (b) actual or imminent, not just speculative or hypothetical.  Lujan v.

1  Defenders of Wildlife, 504 U.S. 555, 560 (1992).  A "speculative and attenuated possibility" of
2  increasing an inmate's punishment is "insufficient to violate the ex post facto clause."  Hunter v.
3  Ayers, 336 F.3d at 1012 (quoting California Dept. of Corrections v. Morales, 514 U.S. 499, 509
4  (1995).

5      From a review of the petition, the Court cannot determine the nature of the alleged
6  violation by the application of the challenged laws to Petitioner because he has failed to provide
7  any factual support for his allegations.  Petitioner's vague assertions and conclusory allegations
8  are insufficient to state a claim for habeas corpus relief.  Rule 2(c) of Rules Governing Section
9  2254 Cases; see also Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory
10  allegations which are not supported by a statement of specific facts do not warrant habeas
11  relief'") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  In an abundance of caution, the
12  Court will allow Petitioner the opportunity to amend the petition to enable him to cure the defects
13  listed above, if he can do so.

14      To the extent Petitioner challenge is to the fact that he is being held beyond his MEPD,
15  Petitioner is advised that regardless of an inmate's MEPD, he will not be released on parole until
16  the Board of Parole Hearings finds him suitable for parole.  Cal. Code Regs. tit. 15, §
17  2000(b)(67).  Once an inmate is found suitable for parole, the actual term of incarceration is not
18  determined by the statutory credits, but by the Board.  Id.; Cal. Code Regs. tit. 15, §§ 2401(a),
19  2403.  The Board sets a base term of confinement, and has the discretion to shorten that time by
20  applying any separate post-conviction credits.  Cal. Code Regs. tit. 15, §§ 2401, 2403.
21  Therefore, the actual duration of Petitioner's life term is determined by the Board, not by any
22  statutory credit earnings.

23                        ORDER
24      Based on the foregoing, it is HEREBY ORDERED that:
25      1.    The instant petition for writ of habeas corpus is DISMISSED;
26      2.    Petitioner may file an amended petition within thirty days from the date of service
27            of this order; and
28      3.    Failure to comply with this order may result in a recommendation for dismissal of

the action and such dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b)

IT IS SO ORDERED.

Dated:   **December 5, 2011**                          **/s/ Dennis L. Beck**
                                                                      UNITED STATES MAGISTRATE JUDGE

4