# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ROBIN FURNESS,<br><br>          Petitioner,<br><br>     v.<br><br>JAMES D. HARTLEY,<br><br>          Respondent. | 1:11-cv-01808-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[Doc. 7] |

      Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on October 31, 2011. On December 6, 2011, the Court dismissed the petition and granted Petitioner the opportunity to file an amended petition. Petitioner has failed to respond to the Court's order.

      Local Rule 110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

1   local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
2   comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833
3   F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).
4          In determining whether to dismiss an action for lack of prosecution, the Court must
5   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
6   Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
7   policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
8   alternatives.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856
9   F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
10  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
11  case has been pending since October 31, 2011.  The Court cannot hold this case in abeyance
12  indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to
13  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
14  occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522,
15  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
16  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
17  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.
18         Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
19  Petitioner's failure to prosecute.  This Findings and Recommendation is submitted to the United
20  States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
21  (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
22  Eastern District of California.  Within thirty (30) days after being served with a copy, any party
23  may file written objections with the court and serve a copy on all parties.  Such a document
24  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
25  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
26  served by mail) after service of the objections.  The Court will then review the Magistrate
27  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
28  objections

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __March 15, 2012__         _____/s/ Dennis L. Beck_____
                                  UNITED STATES MAGISTRATE JUDGE

3